The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: July 25 2023**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION
# CANTON, OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 23-60110 |
| | ) | |
| THOMAS W. WALTON, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Mary Ann Whipple |
| | ) | |

## MEMORANDUM OF DECISION AND ORDER REGARDING MOTION FOR TURNOVER

This matter is before the Court on the Chapter 7 trustee's motion for turnover of the non-exempt portion of the debtor's 2022 tax refund, in the amount of $3,976.63 and the debtor's objection to the motion for turnover. The debtor claims that because he and his non-filing spouse (wife) filed a joint tax return, his wife is entitled to half of the refund, leaving only half for his estate. For the following reasons, the motion for turnover is granted.

## JURISDICTION

The Court has jurisdiction over orders to turnover. An order to turnover is a core proceeding under 28 U.S.C. § 157(b)(2)(B). This Court has jurisdiction over core proceedings under 28 U.S.C. §§ 157(a) and 1334 and Local General Order No. 2012-7, entered by the United States District Court for the Northern District of Ohio.

## BACKGROUND

The following facts are undisputed. The debtor and his wife filed a joint tax return for 2022. On February 2, 2023, the debtor filed his Chapter 7 bankruptcy petition, in which he provided estimates of federal and Ohio tax refunds he expected to receive for overpayment of taxes. In addition, he indicated on Schedule I that he is the primary wage-earner for his family, while his wife is a homemaker. (Docket No. 1).

The debtor and his wife received a $5,695 federal tax refund and a $241 Ohio tax refund. However, on March 31, 2023, the debtor reported on Amended Schedules A/B and C, that he was "owed" only half of the total amounts, or $2,847.50 and $120.50, respectively. (Docket No. 20, Schedule A/B, Line 28).

On April 12, 2023, the trustee filed a motion for turnover to compel the debtor to remit his federal and Ohio refunds, less applicable exemptions, for a total

2

of $3976.63. The debtor filed an objection. He argued that his wife is entitled to half of the tax benefit they received from filing joint tax returns.

The Court held a non-evidentiary hearing on the matter on May 1, 2023. The hearing revealed that in 2022, the debtor's wife did in fact work part-time outside the home for which she earned $6,094.62. However, the refund was attributable solely to withholding from the debtor's wages. The Court ordered the trustee to file the debtor's 2022 tax returns and W-2s as private documents and requested the parties file additional briefing and case citations. Once all documents were received, the Court took the matter under advisement.

## LAW AND ANALYSIS

The Bankruptcy Code requires "an entity…in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363 of this title" to deliver it to the trustee. 11 U.S.C. § 542(a)**.** Through the definitions section of the Bankruptcy Code, "entity" includes individuals, 11 U.S.C. § 101(15) [definition of entity to include person] and (41) [definition of person to include individual], such as the debtor, 11 U.S.C. § 101(13) [definition of debtor to include person concerning which a case has been commenced].

If the debtor does not voluntarily turnover property within the scope of

3

§ 542(a), the trustee may file a motion to compel its delivery to her. *See* Fed. R. Bankr. P. 9014. *Cf.* Fed. R. Bankr. P. 7001(1). The burden of proof is on the party seeking turnover. *United States v. Chalmers (In re Wheeler)*, 252 B.R. 420, 425 (W.D.Mich.2000). To prevail, the trustee must demonstrate that the property is property of the bankruptcy estate that she may use, sell, or lease in its administration. 11 U.S.C. § 363(b)(1). "Property of the estate" is broadly defined as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Despite the broad definition, only debtor interests are included in property of the estate, while third-party interests are excluded. *See In re Smith*, 310 B.R. 320, 322 (Bankr. N.D. Ohio 2004).

"It is well established that the pre-petition portion of a debtor's tax refund is property of the bankruptcy estate…More precisely, a tax refund, or a portion thereof, that is received post-petition is estate property if it is attributable, on whole or in part, to a debtor's pre-petition wages and withholding payments." *In re McInerney*, 609 B.R. 497, 503 (2019), *citing Carlson v. Moratzka (In re Carlson)*, 394 B.R. 491, 493 (B.A.P. 8th Cir. 2008).

Federal law defines what is property of the bankruptcy estate, but state law creates and defines property interests. *See Butner v. Unites States*, 440 U.S. 48, 55,

99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). Therefore, the Court must apply Ohio law when determining property rights between spouses. The Ohio Rev. Code § 3103.04 provides that neither spouse "has any interest in the property of the other." Excess withholding from the debtor's wages paid over to the federal and state taxing authorities generated his tax refunds. His wife cannot claim an interest in the refunds because she did not contribute to the tax overpayments that are the basis for them.

> Although joint federal tax filings are authorized by 26 U.S.C. § 6013(a) of the Internal Revenue Code, 26 U.S.C. § 6013(a) does not affect the ownership of property rights in the federal refund check proceeds… §6013(a) does not propose, nor does it imply, that any property rights in the proceeds are altered by a joint federal income tax filing….Similarly, O.R.C. § 5711.14, which permits the filing of joint Ohio tax returns, does not, by its own terms, alter property rights in any joint refunds, and this Court perceives no ground for so implying.

*In re Taylor*, 22 B.R. 888, 890 (Bankr. N.D. Ohio 1982). In calculating the amount from the debtor's tax refunds to be turned over to her, the trustee has taken the exemptions to which debtor is entitled into consideration. Because the debtor's wife does not have an interest in the tax refunds, no additional exemptions are applicable under Ohio Rev. Code § 2329.66 to exclude the property from his bankruptcy estate. (Ohio opted out of the Federal exemptions permitted under

5

Bankruptcy Code § 522(d)). Therefore, the entire $3,976.63 sought by the trustee is estate property.

In the Brief and Case Law Citation Regarding the Objection to the Motion for Turnover, the debtor cites three cases to support the argument that a non-filing spouse who does not work outside the home, is entitled to claim half of the joint refund in exchange for managing the household. *See In re Aldrich*, 250 B.R. 907 (Bankr. W.D. TN 2000), *In re Innis*, 331 B.R. 784 (Bkrtcy C.D. Ill. 2005) and *In re Crowson*, 431 B.R. 484 (B.A.P. 10th Cir. 2010). The courts arrive at this conclusion by drawing primarily from domestic relations divorce law.

While divorce law does provide a framework for dividing assets among spouses, it may do so "at the possible expense of the debtor's creditors. Adopting the idea of marital property from domestic relations law to determine the Debtor's interest in the joint tax refunds here does not further the goals of bankruptcy." *In re McInerney* 609 B.R. at 508. Therefore, the Court rejects this method as a means of determining the relative interests of the debtor and his wife in the 2022 refund.

Likewise, the Court rejects the "separate filings rule" as a means of allocating interest in the joint tax return. This method requires calculating each "spouse's hypothetical 'married, filing separately' (MFS) tax liability. Each spouse's MFS liability is then divided by the sum of both spouses' MFS liabilities,

6

which results in the percentage of the joint tax liability to be attributed to each spouse." *Id*. at 507, *citing In re Crowson* at 492. The separate filings rule is arduous and inefficient. While filing jointly, as opposed to separately, may result in tax benefits, like a larger refund, that fact alone does not transform the property of one spouse into the property of the other.

## CONCLUSION

For the foregoing reasons, the Court grants the trustee's motion for turnover of the $3,976.63, which represents the non-exempt portion of the debtor's 2022 tax refunds.

**IT IS SO ORDERED**.